1  **WO**

6        IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA

9  Tami E. Henry,                                   )   CV 11-01773-PHX-FJM
                                                    )
10           Plaintiff,                             )   **ORDER**
                                                    )
11  vs.                                             )
                                                    )
12                                                  )
    Universal Technical Institute; Kimberly         )
13  McWaters; Mike White; Adrian Cordova;           )
    Mike Romano; Ken Golaszewski; Maria             )
14  Walters; Harvey Davis; Heather Gonzales;        )
    Bernie Candeleria; Markia Baker; Karen          )
15  Mourad; Kathy Bochenski; Tom Riggs;             )
    Karen McWaters,                                 )
16                                                  )
             Defendants.                            )
17                                                  )
                                                    )
18

19        The court has before it defendants' motion to dismiss (doc. 11). We also have before
20  us plaintiff's motion for default judgment (doc. 40) and defendants' response (doc. 45). In
21  addition, we have plaintiff's motion for leave to file a second amended complaint (doc. 42)
22  and defendants' response (doc. 45). We also have plaintiff's second motion for leave to file
23  a second amended complaint (doc. 47) and defendants' response (doc. 49). Finally, we have
24  plaintiff's motion to intervene (doc. 48), which is not fully briefed.

25        All of plaintiff's complaints allege discrimination, retaliation, and conspiracies
26  surrounding plaintiff's studies at Universal Technical Institute. On September 8, 2011,
27  plaintiff filed his original complaint (doc. 1). He filed a first amended complaint ("FAC")
28  on September 30, 2011 (doc. 8). Without seeking our leave to amend, plaintiff filed a second

amended complaint ("SAC") on October 17, 2011 (doc. 10). Despite plaintiff's failure to properly serve defendants, defendants filed a motion to dismiss the FAC on November 4, 2011 (doc. 11). Four days after defendants filed their motion, plaintiff filed his request for entry of default with respect to the FAC (doc. 14). Plaintiff's application for default was denied by the Clerk's office on November 10, 2011 (doc. 39) because no proof of service was filed. That same day, plaintiff filed another motion for default judgment (doc. 40). Four days later, on November 14, 2011, plaintiff filed his first motion for leave to file a second amended complaint (doc. 42).[1] Defendants responded to the motion on November 29, 2011, stating that in an effort to avoid further confusion they would not oppose this court treating the already filed SAC (doc. 10) as plaintiff's amended pleading and granting plaintiff's motion for leave to amend. Now plaintiff has compounded the confusion by filing another motion for leave to file a second amended complaint on November 30, 2011 (doc. 47).

Plaintiff moved for default judgment pursuant to Rule 55(b), Fed. R. Civ. P. No default has been entered by the Clerk under Rule 55(a), Fed. R. Civ. P. And defendants have appeared in this action by filing their motion to dismiss and responding to plaintiff's multiple motions for leave to amend his complaint. Accordingly, default judgment is not appropriate. Plaintiff's motion is denied.

In the interests of efficiency, defendants do not oppose plaintiff's latest motion for leave to amend. They ask only that they be offered ten days to respond to the complaint. We agree with defendants that this compromise will clear up confusion on the docket and encourage this action to move along. We therefore grant plaintiff's second motion to amend his complaint (doc. 47), despite plaintiff's repeated failure to comply with the rules of civil procedure. See Fed. R. Civ. P. 15(a)(2). An amended complaint supercedes the prior complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Defendants' motion to dismiss is therefore rendered moot.

---

[1] This motion did not include a copy of the proposed amended pleading showing the proposed changes as required by LRCiv 15.1.

1  Finally, we address plaintiff's motion for intervention. Plaintiff asks that we require
2  the Attorney General of the United States to intervene in this action on his behalf pursuant
3  to Rule 24, Fed. R. Civ. P. This motion is frivolous. Rule 24 governs situations where
4  someone who is not currently a party seeks to join the litigation. It is not a vehicle for
5  plaintiff to force the government to press his claims.

6  **IT IS ORDERED DENYING** plaintiff's motion for default judgment (doc. 40).

7  **IT IS ORDERED DENYING** plaintiff's motion for intervention (doc. 48).

8  **IT IS ORDERED GRANTING** plaintiff's second motion for leave to amend (doc.
9  47). Plaintiff shall comply with LRCiv 15.1, which requires that plaintiff file and serve the
10 amended complaint on all parties within fourteen days of this order. Defendants shall answer
11 or otherwise respond to plaintiff's amended complaint within ten days of being served.

12 **IT IS ORDERED DENYING** plaintiff's first motion for leave to amend on grounds
13 of mootness (doc. 42).

14 **IT IS ORDERED DENYING** defendants' motion to dismiss on grounds of mootness
15 (doc. 11).

16 Plaintiff is once again strongly encouraged to seek the advice of a lawyer. If he does
17 not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County
18 Bar Association at 602-257-4434. If plaintiff chooses to continue litigating this action *pro*
19 *se*, he is reminded that he must comply with all federal and local rules of civil procedure.
20 See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Plaintiff is especially directed to Rule
21 11, Fed. R. Civ. P., which governs all pleadings, motions, and other papers filed with this
22 court.

23 DATED this 28th day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge