1   **WO**

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9   Tami E. Henry,                         )      CV 11-01773-PHX-FJM
                                           )
10              Plaintiff,                  )      **ORDER**
                                           )
11  vs.                                     )
                                           )
12                                          )
    Universal Technical Institute,          )
13                                          )
                Defendant.                  )
14                                          )
                                           )
15

16          The court has before it Universal Technical Institute's ("UTI") motion to compel (doc.

17  114) and UTI's second motion to compel and motion for sanctions (doc. 116).  Plaintiff did

18  not respond to either motion, and the time for responding has expired.  We also have before

19  us plaintiff's motion to compel (doc. 113) and UTI's response (doc. 115).  Plaintiff did not

20  reply, and the time for replying has expired.

21                                          **I**

22          At this stage, the only remaining claim is plaintiff's allegation that UTI violated Title

23  VI when it denied him the right to take the induction systems test given in one of his classes,

24  an opportunity that was afforded to white students.  Plaintiff moves for an order compelling

25  UTI to produce the original induction systems test sheets.  According to plaintiff, the original

26  test sheets are relevant because he alleges that UTI altered the test scores when inputting the

27  handwritten test scores into the computer.  UTI responds that it has already produced the

28  electronic test scores, which show the grades of all students enrolled in the induction systems

1  class. We agree with UTI that the original test sheets are not relevant to plaintiff's remaining

2  claim. Whether test scores for <u>other students</u> were altered is not relevant to the question of

3  whether <u>plaintiff</u> was denied the opportunity to retake or make up the induction systems test

4  because of race. <u>See</u> Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to matters

5  relevant to a party's claim or defense).

**II**

7       During plaintiff's deposition, UTI states that plaintiff arrived 45 minutes late, walked

8  out twice, and refused to answer several questions. In addition, plaintiff has not served

9  responses to UTI's interrogatories or requests for production. Moreover, plaintiff identified

10 the following documents during his deposition which he has failed to produce: an August

11 2010 calendar, audiotapes he made of meetings with UTI and government officials, and

12 documents detailing other charges he filed against UTI. In its first motion to compel, UTI

13 asks the court to order plaintiff to appear again for a deposition in Phoenix, produce all

14 relevant documents, and pay for the court reporter and videographer to appear at the second

15 deposition. Because plaintiff did not respond, we construe the lack of a response as a

16 concession and grant the motion summarily. <u>See</u> LRCiv 7.2(i) ("if the unrepresented party.

17 . . does not serve and file the required answering memoranda. . . such non-compliance may

18 be deemed a consent to the denial or granting of the motion and the Court may dispose of the

19 motion summarily").

20      In UTI's second motion to compel and motion for sanctions, UTI states that plaintiff

21 accused the court reporter of being racist and walked out on his son Alan Henry's deposition,

22 taking Alan Henry with him, less than an hour after it began. UTI's lawyer was required to

23 travel to Houston, Texas to conduct the deposition. UTI asks we order plaintiff to pay UTI's

24 costs and expenses to travel again to Texas to finish Alan Henry's deposition, including travel

25 expenses and costs for the court reporter and videographer. <u>See</u> Fed. R. Civ. P. 30(d)(2)

26 (court may award sanctions if a person impedes, frustrates, or delays the fair examination of

27 a deponent). Plaintiff did not respond, thus we construe the lack of a response as a concession

28 and grant the motion summarily. <u>See</u> LRCiv 7.2(i).

**III**

**IT IS ORDERED DENYING** plaintiff's motion to compel (doc. 113).

**IT IS ORDERED GRANTING** UTI's motion to compel (doc. 114).  Plaintiff is ordered to appear for a deposition in Phoenix and answer questions under oath.  Plaintiff shall contact UTI to schedule the deposition within three (3) days of the date this order is docketed.  Plaintiff shall serve responses to UTI's written interrogatories and requests for production, and shall produce the August 2010 calendar, the audiotapes of meetings with UTI and government officials, and other charges he filed against UTI within five (5) days of the date this order is docketed.

**IT IS ORDERED GRANTING** UTI's second motion to compel and motion for sanctions (doc. 116).  Plaintiff shall pay UTI's reasonable costs and expenses in traveling to Texas a second time to finish Alan Henry's deposition, including travel expenses and costs for the court reporter and videographer.

Discovery in this action closed on August 21, 2012.  We extend the discovery deadline for the limited purpose of allowing UTI to complete the depositions of plaintiff and Alan Henry.  This order shall not be construed to alter any other deadline set forth in the Rule 16 scheduling order, including the September 21, 2012 dispositive motion deadline.

Plaintiff is strongly admonished that his failure to comply with this Order will result in serious sanctions, up to and including dismissal of this action with prejudice.  See Fed. R. Civ. P. 37(b)(2)(A)(v); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

DATED this 13th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 3 -