**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tami E. Henry, | ) | No. CV 11-01773-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Universal Technical Institute, | ) | |
| Defendant. | ) | |

    The court has before it plaintiff's motion for summary judgment (doc. 119), defendant's response (doc. 125), defendant's motion for summary judgment (doc. 122), defendant's motion to dismiss (doc. 129), plaintiff's response to the motion to dismiss (doc. 131), defendant's reply (doc. 134), plaintiff's motion for recusal (doc. 130), and defendant's response (doc. 133). Plaintiff has failed to file both a reply in support of his motion for summary judgment and a response to defendant's motion for summary judgment. The time for doing so has expired.

    We first address the motion for recusal (doc. 130). Relying on 28 U.S.C. § 455(a), plaintiff argues that the undersigned should disqualify himself because his comments and orders "demonstrate bias and prejudice towards the Plaintiff." We disagree. Mere conclusory allegations do not provide a basis for recusal. U.S. v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). The relevant inquiry under § 455(a) is whether

the alleged comments "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). This court has strongly urged plaintiff to seek legal advice from an attorney on several occasions. However, "judge's ordinary efforts at courtroom administration" do not establish bias or partiality. Id. at 556, 114 S.Ct. at 1157. Plaintiff's argument that the court's admonishments create the appearance of bias is untenable. The motion for recusal is denied (doc. 130).

In his complaint, plaintiff alleges that Universal Technical Institute ("UTI") instructors and administrators discriminated against him on the basis of race and national origin. On March 9, 2012, we dismissed all of plaintiffs claims except plaintiff's Title VI claim alleging that UTI engaged in race discrimination by not allowing plaintiff to take or retake the induction systems test given in one of his classes (doc. 68). A party seeking summary judgment bears the burden of informing this court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Plaintiff's conclusory allegation that the case is "open and shut" is insufficient, and his reference to the Department of Education Office of Civil Rights report does not demonstrate that UTI discriminated against him. Moreover, plaintiff's motion for summary judgment does not comply with LRCiv 56.1. He failed to submit a separate statement of facts and to include citations to specific admissible parts of the record. This procedural non-compliance provides an independent ground for denial of plaintiff's motion for summary judgment. See LRCiv 56.1(a) ("A failure to submit a separate statement of facts . . . may constitute grounds for the denial of the motion.").

In its motion for summary judgment, defendant claims that plaintiff cannot succeed on his Title VI claim because he has failed to demonstrate that he was treated differently than any similarly situated students. A party opposing a motion for summary judgment must file

a separate controverting statement of facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); LRCiv 56.1(b). Because plaintiff failed to do so, we may grant defendant's motion for summary judgment. Fed. R. Civ. P. 56(e)(3). Moreover, under LRCiv 7.2(i),  "if the opposing party does not serve and file the required answering memoranda . . . , such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Plaintiff did not respond to the motion for summary judgment, and the time for filing has long since passed. Accordingly, we grant defendant's motion for summary judgment.

**IT IS ORDERED DENYING** plaintiff's motion for recusal (doc. 130) and plaintiff's motion for summary judgment (doc. 119).

**IT IS FURTHER ORDERED GRANTING** defendant's motion for summary judgment (doc. 122) and **DENYING** defendant's motion to dismiss as moot (doc. 129). The clerk shall enter final judgment.

DATED this 9th day of January, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge